UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS DE'ARMOND, JR., <br><br> Plaintiff, <br><br> v. <br><br> J. WHITE, <br><br> Defendant. | Case No. 1:19-cv-01695-NONE-HBK <br><br> ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS <br><br> (Doc. No. 31) <br><br> ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION FOR EXTENSION OF TIME AS MOOT <br><br> (Doc. No. 33) |

This matter comes before the Court upon initial review of this case that was reassigned to the undersigned. *See* Doc. No. 34. Pending review are defendant's Motion to Stay filed September 22, 2020 and *Ex Parte* Application for Extension of Time filed November 3, 2020. Doc. Nos. 31, 33. Plaintiff filed an opposition to the motion to stay and defendant filed a reply. Doc. Nos. 32, 35. For the reasons set forth below, the Court grants defendant's motion to stay this action.[1]

I. BACKGROUND

Plaintiff Michael Thomas De'Armond, Jr., a prisoner, initiated this action on November 20, 2019 by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Defendant J.

---

[1] Because the Court grants the stay, Defendant's motion for extension (Doc. No. 33) is moot.

1

1  White. Doc. No. 1. On May 11, 2020, the court directed service upon defendant. Doc. No. 11.
2  On June 5, 2020, defendant waived service of process. Doc. No. 14. On June 15, 2020, the
3  former magistrate judge stayed this action and referred it for post-screening ADR (Alternative
4  Dispute Resolution). Doc. No. 15. On July 21, 2020, defendant filed notice of opting out of
5  ADR. Doc. No. 22. On August 4, 2020, defendant filed his Answer to the Complaint. Doc. No.
6  25. The Discovery and Scheduling Order issued the next day. Doc. No. 27. Shortly thereafter,
7  defendant filed the instant motion to stay this action pending resolution of plaintiff's parallel state
8  criminal case arising out the same incident that forms the basis of the complaint. *See generally*
9  Doc. No. 31.

10  The complaint alleges an Eighth Amendment excessive use of force claim against
11  defendant, Officer White, stemming from an incident that occurred on December 19, 2018 at the
12  California Correctional Institution located in Tehachapi, California. Doc. No. 1 at 3. According
13  to the complaint, after plaintiff referred to defendant and other correctional officers as the "green
14  wall," defendant, without provocation, "kicked and punched" plaintiff "repeatedly" and sprayed
15  him with "SOS spray." *Ibid*. Plaintiff acknowledges after the incident he was placed in
16  administrative segregation and charged with battery on an officer. *Ibid*. Plaintiff seeks only
17  monetary damages for his mental distress and physical injuries as relief in his complaint. *Id*. at 6.

18  On December 13, 2019, the Kern County District Attorney filed a criminal complaint
19  charging plaintiff with count of battery on defendant stemming from a December 19, 2018
20  incident. Doc. No. 31-1. On August 10, 2020, plaintiff was arraigned on the criminal complaint
21  and entered a plea of not guilty. Doc. 31-2. Plaintiff demanded a jury trial which the Superior
22  Court scheduled for November 9, 2020. *Ibid*. It appears that the case remains pending.

23  Defendant moves to stay the proceedings pending resolution of plaintiff's criminal
24  prosecution for the reason the "concurrent criminal matter will impede, complicate and
25  unnecessarily delay the present civil matter." Doc. No. 31 at 1. Plaintiff opposes the stay
26  claiming it is "highly prejudicial" and a "calculated ploy to impede due process." Doc. No. 32 at
27  1. In reply, defendant argues that plaintiff fails to identify any evidentiary to support his
28  conclusory allegations that he will be prejudiced if the court agrees to stay this action. Doc. No.

35 at 1-2.  Further defendant points out that plaintiff requested a stay of the disciplinary proceeding pending the outcome of his criminal case.  *Id*. at 2.

## II. APPLICABLE LAW

### A. Request for Judicial Notice

Defendant requests the Court to take judicial notice of the criminal complaint filed against plaintiff in *People of the State of California v. Michael Dearmond*, Kern County Superior Court Case No. DF014869A; and the minute order for plaintiff's arraignment in *People of the State of California v. Michael Dearmond*.  Doc. No. 31 at 3, 10-16.  The court may take judicial notice at "any stage of the proceeding" under Federal Rule of Evidence 201(d). Judicial notice is reserved in part for information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).   State court proceedings are routinely judicially noticed "if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (internal quotations omitted).  Plaintiff neither denies that he faces criminal charges stemming from the same incident, nor the authenticity of the documents.  *See generally* Doc. No. 32. Consequently, the court takes judicial notice of the documents submitted by defendant, which are part of the record from plaintiff's underlying state court criminal matter.

### B. Standard of Review

This court enjoys "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Such discretion may be exercised even if the issues before the court are not controlling. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F. 2d 857, 863-64 (9th Cir. 1979).  It is "common practice" when pending civil and criminal actions stem from the same incident "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 394, (2007). Whether a stay is prudent requires the court to balance whether "the [criminal] defendant's fifth amendment rights are implicated" and whether the interest of the civil plaintiff, the public, and the court favor a stay. *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902–03 (9th Cir. 1989).  This interest is calculated by examining the "particular circumstances and competing

Case 1:19-cv-01695-NONE-HBK   Document 36   Filed 03/09/21   Page 4 of 5

interests involved in the case." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (internal quotations omitted).

### III. ANALYSIS

The court finds a stay is warranted in this case. The facts underlying both the civil and criminal matters appear to stem from the same incident. Plaintiff's fifth amendment right against self-incrimination could be imperiled if defendant sought to depose plaintiff under oath in this civil matter. Thus, staying the case makes "efficient use of judicial resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (internal quotations omitted). Further, as a "general matter the public's interest in the integrity of the criminal case is entitled to precedence over the civil litigant." *Acacia Corp. Mgmt., LLC v. United States*, No. 2008 WL 2018438, at *5 (E.D. Cal. May 7, 2008) (internal quotations omitted). Significantly, a conviction in the parallel criminal case may be dispositive of this case. *Heck v. Humphrey*, 512 U.S. 477 (1994) (prohibiting a § 1983 civil action for damages if it would render a conviction or sentence invalid). Thus, a stay of these proceedings could prevent the unnecessary expenditure of resources and does not preclude plaintiff from proceeding on is claim when the criminal proceedings are resolved. See Wallace, 549 U.S. at 393-94 (recommending court stay civil action until potentially conflicting criminal proceedings are complete).

Despite plaintiff's claim that a stay would be "highly prejudicial," he fails to identify a tangible basis to show prejudice. *See generally* Doc. No. 32. The court finds defendant has sustained his burden in showing the stay is warranted. *Bernier v. Walker*, 2019 WL 1209626 *6 (E.D. Ca. 2019). To the extent that an overlap of plaintiff's criminal charges and his civil action exists and cannot be dissected, *Wallace* instructs the court should stay the civil action until the related criminal proceedings are resolved. 549 at 393-94; *see also Hopkins v. Contra Costa County Sheriff*, 2012 WL 2063112 at * 2 (N.D. Cal. 2012). Because the court does not find granting the stay is fundamentally unfair to plaintiff in any way, the court grants defendant's motion for a stay (Doc. No. 31) until plaintiff's criminal proceedings have concluded. Since the

4

court is defendant's motion to stay, defendant's motion for an extension of time (Doc. No. 33) is denied as moot.

Accordingly, it is ORDERED:

1. Defendant's Motion to Stay (Doc. No. 31) is GRANTED;
2. Defendant's Motion for Extension of Time (Doc. No. 33) is DENIED as MOOT.
3. The case, including all deadlines in the Discovery and Scheduling Order (Doc. No. 27) are stayed pending resolution of Plaintiff's parallel criminal case pending in Kern County at Case No. DF014869A.
4. Defendant shall file a status report within **ninety (90)** days from the date of service of this order, and every **sixty (60)** days thereafter, addressing the status of the plaintiff's underlying criminal proceedings and whether the court should lift the stay.

IT IS SO ORDERED.

Dated:   March 8, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE