UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL THOMAS DE'ARMOND JR., | Case No. 1:19-cv-01695-JLT-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT[1] |
| v. | |
| J. WHITE, | (Doc. No. 42) |
| Defendant. | |
| | FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is Defendant's motion for summary judgment filed on November 5, 2021. (Doc. No. 42, "MSJ"). Plaintiff did not file any opposition and the time to do so has expired. *See* docket, s*ee also* L.R. 230(l). For the reasons below, the undersigned recommends the district court grant Defendant's MSJ.

**I.   BACKGROUND**

**A. Summary of Plaintiff's Complaint**

Plaintiff, Michael Thomas De'Armond, Jr. ("De'Armond Jr." or "Plaintiff"), a state

---

[1] [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1  prisoner, is proceeding pro se on his initial complaint filed under 42 U.S.C. § 1983.  (Doc. No. 1).

2  Plaintiff's complaint alleged on December 19, 2018, Defendant White, a correctional officer at

3  California Correctional Institute ("CCI"), "blind sighted" him by spraying him with chemical

4  spray in response to Plaintiff referring to Defendant and his co-workers as the mythical prison

5  gang, "The Green Wall."  (Doc. No. 1 at 3).  Once he was sprayed, Plaintiff immediately assumed

6  the prone position on his own.  (*Id.*).  While in the prone position, Plaintiff alleges unnamed

7  individuals repeatedly punched and kicked him and pulled his hair.  (*Id*).  The Court's screening

8  order found the Complaint stated a cognizable Eighth Amendment excessive use of force claim

9  against Defendant White when he sprayed and beat Plaintiff without cause.  (Doc. No. 11).

### B. Defendant's Exhaustion-Based Motion for Summary Judgment

Defendant timely filed the instant MSJ.  In support, Defendant included statements of undisputed facts (Doc. No. 42-1); *Rand* Notice; (Doc. No. 42-2); Declaration of Howard E. Moseley, Assistant Director of the Office of the Appeals (Doc. No. 42-3); Plaintiff's Appeal History (Doc. No. 42-3 at 5); Letter dated June 7, 2019 from the Office of Appeals with documents from the appeal process (Doc. No. 42-3 at 7-14); Declaration of Jennifer Stone, Grievance Coordinator for the Office of Grievances at California Correctional Institution (Doc. No. 42-4, 1-5); Appeals Tracking System for Plaintiff (Doc. No. 42-4 at 7); Memorandum dated January 26, 2019 with attachments regarding the second level response (Doc. No. 42-4 at 9-15); and Memorandum dated July 11, 2019 with attachments regarding the second level response (Doc. No. 42-4 at 17-27).  Defendant contends the uncontroverted evidence proves Plaintiff did not fully exhaust his available administrative grievances regarding his Eight Amendment claim against Defendant White.

### C. Plaintiff's Opposition to Exhaustion-Based MSJ

Plaintiff has not filed any opposition to Defendant's MSJ.  *See* docket.  Defendant served the MSJ on Plaintiff by First-Class Mail.  (Doc. No. 42 at 10-11).  The time for Plaintiff to file any opposition has long expired.  L.R. 230(l).

////

////

## II.   APPLICABLE LAW

### A.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1987). The party moving for summary judgment bears the initial burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When the moving party has met this burden, the nonmoving party must go beyond the pleadings and set forth specific facts, by affidavits, deposition testimony, documents, or discovery responses, showing there is a genuine issue that must be resolved by trial. *See* Fed. R. Civ. P. 56(c)(1); *Pacific Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021). A mere "scintilla of evidence" in support of the nonmoving party's position is insufficient. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Rather, the evidence must allow a reasonable juror, drawing all inferences in favor of the nonmoving party, to return a verdict in that party's favor. *Id.*

In an exhaustion-based summary judgment motion, the defendant bears the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains, however, with defendant. *Id.*

The undersigned has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. The omission to an argument, document, paper, or objection is not to be construed that the undersigned did not consider the argument, document, paper, or objection. Instead, the undersigned thoroughly reviewed and considered the evidence it

deemed admissible, material, and appropriate for purposes of issuing these Findings and Recommendations.

### C. Exhaustion Under the PLRA

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It is condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 578 U.S. 632, 648 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. A prison's internal grievance process controls whether the grievance satisfies the PLRA exhaustion requirement. *Jones*, 549 U.S. at 218.

### D. CDCR Applicable Grievance Procedures

CDCR's administrative remedy process governs this action.[2] *See* Cal. Code Regs. tit. 15, § 3084.1 (2018). At the time relevant to this action, a prisoner was required to proceed through three formal levels of review, unless otherwise excused under the regulation, to exhaust available remedies. *Id.*, § 3084.5. A prisoner initiates the exhaustion process by submitting a CDCR Form 602, Inmate/Parolee Appeal ("grievance"). *Id.*, §§ 3084.2(a), 3084.8(b). The grievance must "describe the specific issue under appeal and the relief requested" and "shall list all staff member(s) involved and shall describe their involvement in the issue." *Id.*, § 3084.2(a). The prisoner "shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal Form, and if needed, the Inmate Parolee/Appeal Form Attachment." *Id.*, § 3084.2(a)(4).

---

[2] The Court cites to the regulations in force at the relevant time period. In June 2020, these regulations were amended and changed the former three-step "appeal" process to a two-step process generally. *See* Cal. Code Regs. tit. 15, § 3480-3487 (2022).

If dissatisfied with the first-level response, the prisoner must appeal to the second level. Like the first level appeal, the second level is handled by the institution. *Id*., § 3084.2(c). The appeal must be submitted within thirty calendar days of "[t]he occurrence of the event or decision being appealed," or "[u]pon first having knowledge of the action or decision being appealed," or "upon receiving an unsatisfactory department response to an appeal filed." *Id*., § 3084.8(b)(1)-(3).

After the second-level response, a dissatisfied prisoner must appeal to the third level of review. *Id*., §§ 3084.2(d), 3084.7(c), 3084.8(d). This review is handled by CDCR's Office of Appeals. *Id*., § 3084.2(d). The appeal must be served by mail to the Appeals Chief, again within thirty calendar days. *Id.* §§ 3084.2(d), 3084(b)(1)-(3). It is this third level of review that exhausts administrative remedies. *Id*., §§ 3084.1(b), 3084.7(d)(3).

### III.   ANALYSIS

As previously stated, the undersigned considers the entire record and deems only those facts true, which are properly supported by evidence.

**A. Plaintiff's Failure to Oppose the Motion.**

Plaintiff did not file an opposition to Defendant's MSJ, (see docket; *see also* Doc. No. 42-2), nor did Plaintiff submit a separate statement of undisputed facts as required by Local Rule 260(a). Where a party fails to oppose a motion for summary judgment, "Rule 56 is clear that although a court *may* deem facts admitted in the exercise of its discretion, it need not do so." *Warkentin v. Federated Life Ins. Co.*, 594 F. App'x 900, 902–03 (9th Cir. 2014) (alteration in original); *see* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment ("[T]he court may choose not to consider [a] fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute"). A court, however, is not authorized to automatically grant summary judgment to a defendant solely because a plaintiff fails to oppose the motion. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994); *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

Where, as here, a party does not challenge the facts asserted by the moving party, the non-moving party may be deemed to have admitted the validity of those facts. *See* Fed. R. Civ. P.

5

56(e)(2). Further, Local Rule 230(l) provides that the "[f]ailure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Thus, the Court may grant Defendant's unopposed motion for summary judgment if the supporting papers are themselves sufficient to warrant granting the motion and do not on their face reveal a genuine issue of material fact. *See Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir. 1993).

### B. Material Facts Regarding Exhaustion of Administrative Remedies

Following a thorough review of the evidence submitted, the undersigned finds these material facts are deemed undisputed, unless otherwise indicated:

- Plaintiff was a state prisoner in the custody of CDCR and incarcerated at CCI at all times relevant to the instant action. (Doc. No. 1 at 1).
- On December 19, 2018, while at CCI, Plaintiff alleged an incident occurred between him and Defendant White where Defendant used excessive force by spraying Plaintiff with a chemical spray. (Doc. No. 1 at 3).
- On December 19, 2018, Plaintiff filed grievance log number CCI-0-18-03402 alleging that Defendant used excessive force against him. (Doc. No. 42-3 at 8; 42-4 at 4).
- On December 31, 2018, CCI Appeals Coordinator received grievance log number CCI-0-18-03402, which bypassed the first level of review because it was a staff grievance and accepted at the second level of review. (Doc. No. 42-4 at 4, 9-15).
- After an investigation, CCI Appeals Coordinator issued a finding that Defendant White did not violate institutional policy. The finding was sent to Plaintiff on February 13, 2019. (*Id.*).
- Plaintiff appealed grievance log number CCI-0-18-03402 to the third level, which was received by the Office of Appeals on March 18, 2019. (Doc. No. 42-1 at 2; 42-3 at 3 ¶ 8).
- The Office of Appeals rejected Plaintiff's appeal and forwarded it to the Appeals Coordinator at CCI for an amended second level response. (Doc. No. 42-1 at 3; 42-3 at 3 ¶ 8).

1
2
3
4
- On June 7, 2019, the Office of Appeals sent Plaintiff a letter informing him of its action and advising him if he was dissatisfied with the amended second level decision then he may re-submit an appeal within 30 calendar days of receipt of the amended second level response.  (Doc. No. 42-1 at 3; 42-3 at 3 ¶ 9, 7-16).

5
6
- On July 15, 2019, an amended second level response was issued to Plaintiff.  (Doc. No. 42-1 at 3; 42-4 at 4 ¶ 14, 17-25).

7
8
9
- As of December 20, 2020, Plaintiff did not submit a third level or any other appeal regarding excessive use of force by Defendant White.  (Doc. No. 42-1 at 3; 42-3 at 3 ¶ 10, 5; 42-4 at 4 ¶ 15).

### C. Plaintiff Failed to Exhaust Grievance Log Number CCI-0-18-03402

To properly exhaust his administrative remedies, Plaintiff must follow CDCR's grievance process which requires inmates to submit an appeal through three levels of review.  While Plaintiff was permitted to bypass the first level of review due to the nature of his claim, he was not permitted to bypass the second or third level of review.  Further, while Plaintiff filed an appeal at the second level of review, uncontradicted evidence shows he did not successfully appeal to the third and final level of review.

CDCR's administrative remedies were available to Plaintiff throughout the process.  The availability of the remedies is supported by Plaintiff's ability to file an appeal at the second level and his initial third level of review, which was rejected.  And while Plaintiff filed an appeal at the third level, he never received a final decision from the OOA.  The evidence conclusively shows that Appeal Log No. CCI-0-18-03402 was rejected by the OOA and sent back to the Appeals Coordinator at CCI for an amended second level response.  A rejection of Appeal Log No. CCI-0-18-03402 by the OAA does not constitute a decision that is sufficient to constitute exhaustion at the third level of review.  *See* Cal. Code Regs. tit. 15, §§ 3084.1(b) (2019).

Plaintiff was duly advised by written letter, dated June 7, 2019, that he would have to re-submit a third-level appeal if he was not satisfied with the amended second level response.  (*See* Doc. No. 42-3 at 7) ("If not satisfied with the further action taken by the institution, please attach an amended Section "F" to your appeal, re-date Section "F", and resubmit to the Office of

Appeals."). After the amended second level response was issued to Plaintiff on July 15, 2019, Plaintiff did not re-submit an appeal to the third level. Therefore, Plaintiff did not fully exhaust his available administrative remedies and his Complaint must be dismissed pursuant to the PLRA. 42 U.S.C. § 1997e(a); *Woodford*, 548 U.S. at 85-86, 90. Further, no evidence exists or suggests that prison officials thwarted Plaintiff's grievance.

## IV.    CONCLUSION

Defendant satisfied his burden of proving both that administrative remedies were available to Plaintiff and Plaintiff failed to fully exhaust his available administrative remedies as to Plaintiff's Eighth Amendment excessive use of force claim against Defendant White. Plaintiff did not file an opposition to Defendant's MSJ. Therefore, he has failed to come forward with any evidence to raise a question of material fact concerning either the availability or exhaustion of his administrative remedies. Based upon the undisputed evidence, Defendant's exhaustion based MSJ is due to be granted.

Accordingly, it is **RECOMMENDED**:

Defendant's motion for summary judgment (Doc. No. 42) be GRANTED.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    December 1, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE